UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE CHARBONNEAU** : | | |
|     **Plaintiff,** : | Civil Action No. 2:13-cv-04323-WY | |
| : | | |
| **v.** : | | |
| : | | |
| **CHARTIS PROPERTY CASUALTY CO.** : | | |
|     **Defendant** : | | |
| : | | |

**DEFENDANT CHARTIS PROPERTY CASUALTY CO.'S REPLY IN
SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Julie Charbonneau's response to the Motion to Dismiss fails to rebut Chartis's arguments that her claims are barred by *res judicata* and otherwise fail to state a claim for relief. Therefore, other than the discrete issues addressed below, Chartis relies on the arguments of its primary Brief.

**I.     Charbonneau Fails to Identify Any Reason Why Her Claims Should Not be Barred by *Res Judicata***

    **A.     That the Prior Action Was Resolved by a Court Approved Settlement Does Not Affect the Privity Between the Parties**

In her response, Charbonneau admits that *res judicata* will bar a subsequent suit by the same parties to a prior suit, <u>or their privies</u>. (Resp. at p. 15). Yet, Charbonneau argues that court-approved settlement agreements should be treated differently than judgments in applying this well-settled principle. Charbonneau fails to identify any case law supporting the remarkable position that *res judicata* applies to parties and their privies in every other instance, but does not apply to privies where the prior suit is resolved by a court approved settlement. In fact, *res judicata* applies to privies whether the prior action was dismissed by settlement agreement or judgment. *See Guiles v. Metro. Life Ins. Co.*, 2001 U.S. Dist. LEXIS 18559, *4-5 (E.D. Pa. Nov. 9, 2001) (Robreno, J.) (acknowledging that *res judicata* applies to privies in applying the

preclusive effect of a settlement agreement); *Andriani v. City of Hoboken*, 2012 U.S. Dist. LEXIS 137127, *10-12 (D.N.J., Sept. 24, 2012) (same).

The cases cited by Charbonneau, *Bandai America Inc. v. Bally Midway MFG. Co.*, 775 F.2d 70 (3d Cir. 1985), and *In re Princeton-New York Investors, Inc.*, 255 B.R. 376 (Bankr. D. N.J. 2000), do not say anything to the contrary.  Although both cases declined to apply claim preclusion to parties who had not been parties to an earlier settlement agreement, there was no contention in those cases that the third parties were in privity with the parties to the settlement agreements.  *See Bandai*, *supra* at 74-75; *In re Princeton*, *supra* 387-388.  As discussed in Chartis's primary Brief, the parties here are in privity. (Chartis Brief at pp. 12-15).

Therefore, it makes no difference, as Charbonneau suggests, whether or not Chartis was a third party beneficiary to the Charbonneau Release.  Chartis was in privity with Batoff when Charbonneau released Batoff from the same liability she now seeks to impose on Chartis.  Her claims are barred by *res judicata*.[1]

> **B. Charbonneau's Response Confirms That She Raises the Same Claims and Issues in This Case That She Settled in the Prior Action, and Requests the Same Relief**

It is impossible to discern any material difference between what Charbonneau describes as the matters at issue and the injuries she seeks to redress in this case with the matters and injuries at issue in the Prior Action.  In both actions, Charbonneau seeks the purported $35 million rebuilding cost that she claims she was entitled to receive under the Chartis Policy and the Lease/Option Agreement.  (*See* Response at pp. 21-22; *Batoff v. Charbonneau*, 2013 U.S. Dist. LEXIS 37497, 2013 WL 1124497, No. 12-cv-05397 (Yohn, J.), at *7-10).  In fact,

---

[1] Charbonneau argues that *res judicata* is an affirmative defense and that Chartis should not be permitted to raise it in a motion to dismiss.  However, the cases cited by Charbonneau address affirmative defenses other than *res judicata*.  In fact, *res judicata* can be raised in a motion to dismiss, and the Court may take judicial notice of the record of the prior action. *Inofast Mfg. v. Bardsley*, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000); *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36; 2008 U.S. App. LEXIS 16448, at *38 (3d Cir., July 30, 2008).

2

Charbonneau concedes that she is also seeking to recover from Chartis the amount of insurance proceeds that Batoff retained under the Charbonneau Release (Response at p. 24, n. 7), an amount that she explicitly released any claim to in the Prior Action.  Knowing that Batoff has a duty to indemnify Chartis for such claims, this lawsuit is a naked attempt by Charbonneau to do an end run around the Charbonneau Release and collect from Batoff the very insurance proceeds she negotiated away in securing the $11 million balance of those proceeds.  Whatever technical differences Charbonneau may identify between the theories of recovery in the two actions, the controlling law is clear that "[w]here two successive lawsuits seek recovery for the same injury, a judgment on the merits operates as a bar for the latest suit, even though a different legal theory of recovery is advanced in the second suit." *Oates v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 17708, *15 (E.D. Pa., Nov. 15, 1999) (Shapiro, J.).  *Res judicata* is not defeated by "minor differences of form, parties or allegations". *Jett v. Beech Interplex, Inc.*, 2004 U.S. Dist. LEXIS 13352, *12-13 (E.D. Pa., July 15, 2004) (Kelly, J.).

## II.    Charbonneau is Not a Party or an Insured Under the Chartis Policy, and Cannot Recover Under the Chartis Policy as a Matter of Law

Charbonneau fails to explain how she became a party or an insured under the Chartis Policy.  On March 19, 2013, this Court noted that: (1) Charbonneau herself admitted that she would only be entitled to insurance proceeds paid under the Chartis Policy because of the Lease/Option Agreement with Batoff and that any right to those proceeds arose solely from that agreement, (2) Charbonneau "d[oes] not have a separate property interest in the insurance proceeds absent the Lease/Option Agreement", and (3) Charbonneau failed to find any "duty imposed by law or society to assign over contractual insurance rights" that was not based on principles of contract law. (*Batoff*, 2013 U.S. Dist. LEXIS at *18-29).

Moreover, Charbonneau erroneously argues that she was assigned Batoff's rights under the Chartis Policy. Charbonneau concedes that the Chartis Policy explicitly prohibits assignment of any rights under the policy without Chartis's consent. Recognizing this as fatal to her claims, Charbonneau misrepresents the holding of *Viola v. Fireman's Fund. Ins. Co.*, 965 F. Supp. 654 (E.D. Pa. 1997), claiming that it stands for the proposition that an insurer cannot prevent assignment of rights under an insurance policy. To the contrary, *Viola* itself confirms that is not true. "Non-assignment clauses are designed to guarantee that an increase of the risk of loss by a change of the policy's ownership cannot occur without the consent of the insurer." *Id*. at 659 (internal quotations omitted). Therefore, an insurer may prevent assignment <u>before</u> a loss has occurred, and is only prohibited from doing so <u>after</u> a loss has occurred. *Id.*

Here, the Chartis Policy prohibiting assignment was issued in September 2011, well before the April 2012 fire and the November 2011 Lease/Option Agreement that Charbonneau claims assigned the policy. It is undisputed that Chartis never consented to assignment of the policy. Therefore, Charbonneau was not an assignee and any claim for purported failure under the Lease/Option Agreement to assign insurance proceeds was against Batoff alone. Charbonneau asserted, settled and released that claim in the Prior Action.

Charbonneau's attempt to salvage her insurance bad faith claim by arguing that such claims are not limited to parties to insurance policies relies on a similar mischaracterization of the case law. Although the cases cited by Charbonneau, *Klinger v. State Farm Mut. Auto Ins. Co.*, 895 F. Supp. 709 (M.D. Pa. 1995), and *Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329 (Cal. Ct. App. 2001), do in fact hold that a plaintiff need not be a "party" to an insurance policy to pursue a bad faith claim, Charbonneau conveniently omits that the plaintiff must nevertheless be an "insured" as defined by the subject policy: "An insurer's duty to deal in

4

good faith applies to all persons who are 'insured' under the policy." *Klinger*, 895 F. Supp. at 715 (emphasis added) (policy's definition of "insured" included passenger riding in insured vehicle, permitting passenger to pursue bad faith claim).

Charbonneau is not a party to the Chartis Policy, is not a named or additional insured, and does not fall under any definition of "insured" in the policy. Indeed, in the Prior Action, this Court concluded that any right Charbonneau may have to insurance proceeds is derivative of Batoff's rights through the Lease/Option Agreement. (*Batoff*, 2013 U.S. Dist. LEXIS at *18-29). Therefore, in the absence of any direct rights under the Chartis Policy, Charbonneau cannot state a bad faith cause of action under the Chartis Policy as a matter of law. *Poselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 529 (3d Cir. 1997).

### III.  As a Matter of Law, Charbonneau's Own Allegations Fail to Plausibly Establish That Chartis Was Not Privileged to Settle Batoff's Claim Against It

Even though the Chartis Release specifies that Chartis settled Batoff's insurance claim, not to harm Charbonneau, but to avoid "the expense and uncertainty of litigation of the claims", Charbonneau argues in her response that the act of settling with Batoff itself establishes lack of justification or privilege for purposes of her tortious interference claim. It does not. Charbonneau ignores the undisputed fact that at the time of the Chartis Release Charbonneau's right to "consent" to any adjustment of the proof of loss was disputed and in litigation. (*Batoff*, 2013 U.S. Dist. LEXIS at *7-8). The Complaint does not specifically allege that Charbonneau provided notice to Chartis of her disputed claim. It merely states that it knew of the claim by some unspecified means. (Compl. at ¶42). Even if Chartis was aware of Charbonneau's disputed claim, it would have exposed itself to a potential bad faith action by Batoff if it refused to deal with its insured because of a non-insured's disputed claim to any proceeds paid to Batoff. Additionally, Charbonneau had ample opportunity

during the Prior Action to ask this Court to void the settlement and she did not do so, waiving any rights she may have had.

## IV.     Conclusion

For all of the forgoing reasons, and the reasons set forth in the Motion to Dismiss and supporting Brief, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

OF COUNSEL:

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

Dated:  October 31, 2013

Respectfully submitted,

 /s/ *Henry F. Siedzikowski*
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU : | |
|     Plaintiff, : | Civil Action No. 2:13-cv-04323-WY |
|                         : | |
| v.                         : | |
|                         : | |
| CHARTIS PROPERTY CASUALTY CO.: | |
|     Defendant            : | |

**CERTIFICATE OF SERVICE**

    I hereby certify that I filed and served on counsel of record the foregoing using the CM/ECF system.

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

Respectfully submitted,

/s/ *Stewart J. Greenleaf, Jr.*
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000

Dated:  October 31, 2013