IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU<br>Plaintiff, | :<br>:<br>: Civil Action No. 2:13-cv-04323-WY |
| v. | :<br>: |
| CHARTIS PROPERTY CASUALTY CO.<br>Defendant | :<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendant's Motion to Quash Plaintiffs' Third-Party Subpoenas, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion is GRANTED and that Plaintiff's third-party subpoenas, issued to Exponent Engineering & Scientific Consulting and Patrick J. McGinley Associates, Inc., are hereby QUASHED.

BY THE COURT:

_____
WILLIAM H. YOHN, JR., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU<br>    Plaintiff,<br><br>v.<br><br>CHARTIS PROPERTY CASUALTY CO.:<br>    Defendant | Civil Action No. 2:13-cv-04323-WY |

### DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENAS

Defendant, Chartis Property Casualty Company ("Chartis"), by and through its undersigned counsel, hereby moves to quash Plaintiff's improper third-party subpoenas issued to Exponent Engineering & Scientific Consulting and Patrick J. McGinley Associates, Inc., experts identified by Chartis in this case and retained by Chartis's indemnitor in a prior case, which seek documents protected from disclosure by the attorney work product doctrine. In support of this Motion, Chartis incorporates herein the accompanying Memorandum of Law.

**WHEREFORE**, Defendant respectfully requests this Honorable Court grant its Motion to Quash, and grant all further relief in favor of Chartis as the Court finds appropriate.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

/s/ Stewart J. Greenleaf, Jr.
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1000
Counsel for Defendant

Dated: July 11, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> CHARTIS PROPERTY CASUALTY CO.: <br>     Defendant : <br> : | Civil Action No. 2:13-cv-04323-WY |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF ITS MOTION TO QUASH THIRD-PARTY SUBPOENAS

Chartis Property Casualty Company ("Chartis") hereby submits this Memorandum of Law in support of its Motion to Quash Third-Party Subpoenas. Plaintiff's subpoenas are improperly directed to experts identified by Chartis in this case, and retained by Chartis's indemnitor in a prior case, and seek documents protected from disclosure by the attorney work product doctrine.

**I. BACKGROUND AND CERTIFICATION OF GOOD FAITH EFFORT TO RESOLVE DISPUTE**

In November 2011, Jerald Batoff, and Plaintiff, Julie Charbonneau, entered into a lease agreement for a Villanova property owned by Batoff that included an option for Charbonneau to purchase the Property (the "Lease/Option Agreement"). Batoff insured the home through a homeowner's policy issued by Chartis. On April 4, 2012, a fire swept through the house on the property while Charbonneau and her paramour, Dean Topolinski, were living there as tenants of Batoff. Following the fire, Batoff, as the sole named insured, submitted a claim to Chartis under the Chartis Policy. On October 1, 2012, Chartis and Batoff settled his claim for any remaining proceeds, agreeing to a mutual release in exchange for a payment of $18,500,000 and Batoff's agreement to indemnify Chartis for any claims asserted against Chartis arising from the fire, including any claims by Charbonneau.

Four months after the fire, Plaintiff and Topolinski attempted to exercise the option to purchase the Property, but Batoff rejected the attempt asserting that the option to purchase was null and void and that Plaintiff and Topolinski had breached the Lease/Option Agreement. On August 15, 2012, Batoff filed a declaratory judgment action against Charbonneau, Topolinski and other parties that was eventually removed to this Court and captioned, *Batoff v. Charbonneau*, No. 12-cv-05397, and subsequently filed a second action docketed at No. 12-cv-06673 (collectively, the "Prior Action").

In support of his claims in the Prior Action, Batoff retained two experts to opine on the cause and origin of the fire, Dr. Sukri Souri, of Exponent Engineering & Scientific Consulting, and Louis Gahagan, of Patrick J. McGinley Associates, Inc. Both Dr. Souri and Mr. Gahagan produced Affidavit's summarizing their conclusions, which are attached hereto as Exhibits "A" and "B". However, on April 5, 2013, before either expert produced a report or testified, Batoff, Plaintiff and Topolinski compromised and released their respective claims against each other in the Prior Action. Batoff paid Charbonneau $11,000,000 of the insurance proceeds and transferred the property to Charbonneau in exchange for a release of all direct and indirect claims.

On July 25, 2013, Charbonneau filed this action against Chartis seeking $35 million from Chartis she alleges she is entitled to under Batoff's homeowner's insurance policy. As part of its affirmative defenses, Chartis alleged that, based on the opinions of Dr. Souri and Mr. Gahagan retained by Batoff in the Prior Action, Charbonneau had the motive, opportunity and capability to commit arson. In support of those allegations, Chartis disclosed Dr. Souri and Mr. Gahagan as experts on its own behalf in its responses to Charbonneau's First Set of Interrogatories. (Exh. "C", excerpts of Chartis's Interrogatory responses).

Nevertheless, knowing that Batoff had retained Dr. Souri and Mr. Gahagan in the Prior

Action, and knowing that Chartis had identified Dr. Souri and Mr. Gahagan as experts on behalf of Chartis in this action, Plaintiff served subpoenas on both Exponent and McGinley Associates seeking attorney work product. (Exh. "D" and "E"). Specifically, Charbonneau improperly requests the following categories of documents from both Dr. Souri and Mr. Gahagan:

   1. Any and all Communications with any entity or person, including Batoff or Clarke & Cohen, Concerning Charbonneau, Topolinski, Bloomfield, or the Fire.
   2. Any and all Documents Concerning the Fire, including, without limitation, any and all Documents Concerning any cause and origin investigations.
   3. Any and all Documents Concerning any physical evidence removed as part of any investigation of the Fire.
   4. Any and all contracts with Batoff for services relating to any cause and origin investigations of the Fire.
   5. Any and all Communications with Chartis relating to the Fire.
   6. Any and all contracts with Chartis for services relating to any cause and origin investigations of the Fire.

(Exhs. "A" and "B").

Chartis made a good faith effort to resolve this discovery dispute. Chartis served objections to the subpoenas issued to Dr. Souri and Mr. Gahagan on June 24, 2014. On June 25, 2014, counsel for Plaintiff requested clarification of Chartis's objections, which Chartis responded to on the same day. On July 10, 2014, counsel for Chartis inquired of counsel for Plaintiff whether Plaintiff intended to pursue its subpoenas despite Chartis's objections, without a response. Therefore, Chartis now moves to quash those subpoenas as improperly seeking disclosure of attorney work product.

## II.   ARGUMENT

Rule 45(d)(3)(A)(iii) states that "[o]n timely motion, the court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter." Rule 45 tracks the general protective order provisions of Rule 26(c) which authorizes courts to issue a protective

3

order "for good cause shown". *In re Student Fin. Corp.* No. 06-MC-69, 2006 WL 3484387, at *11 (E.D. Pa. Nov. 29, 2006). "[T]his language is sufficiently sweeping to authorize a protective order preventing the undue burden of disclosing . . . work product in appropriate cases." *Id.* at *11; *see also Serrano v. Chesapeake Appalachia, LLC,* 298 F.R.D. 271, 280 (W.D. Pa. 2014)("[P]reventing disclosure is well within the court's authority under Rule 45(c)(3)(A)(iii) and Rule 26(c) to issue protective orders upon a showing of good cause.").

A party may not discover documents that are prepared in anticipation of litigation by or for another party or its representatives. FED. R. CIV. P. 26(b)(3); *see In re Student Fin. Corp.* No. 06-MC-69, 2006 WL 3484387, at *3 (E.D. Pa. Nov. 29, 2006) ("The work product privilege protects 'the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation.'" (quoting *Westinghouse Elec. Corp. v. Republic of the Philippines,* 951 F.2d 1414, 1428 (3d Cir.1991)). This rule expressly protects materials prepared by a representative or agent of the attorney as well. *See* FED. R. CIV. P. 26(b)(3)(A); *In re Ford Motor Co.*, 110 F.3d 954, 967 (3d Cir. 1997) *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (stating that it is clear "that the work product doctrine protects materials prepared by an agent of the attorney, provided that material was prepared in anticipation of litigation.").

A document is considered to be prepared in anticipation of litigation where "the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Proceedings,* 604 F.2d 798, 803 (3d Cir. 1979) (quoting 8 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024, at 198 (1970)); *see also Vanguard Sav. & Loan Ass'n. v. Banks,* No. 93-4627, 1995 WL 71293, at *3 (E.D. Pa. Feb. 17, 1995) ("When a party places an expert on its payroll for the sole purpose of deriving facts and opinions for use at trial, the expert has been retained in anticipation of litigation.").

4

Rule 26(b)(3)(A) expressly prohibits discovery of documents that are prepared in anticipation of litigation by another party or its representative. *See In re Ford Motor Co.*, 110 F.3d at 967 ("[T]he work product doctrine protects materials prepared by an agent of the attorney, provided that material was prepared in anticipation of litigation."). This protection also extends to oral statements that embody work product. *In re Student Fin. Corp.*, 2006 WL 3484387, at *7.

Instantly, Plaintiff's subpoena seeks "[a]ny and all Communications with Chartis relating to the Fire." (Exhs. "A" and "B" at Req. No. 2). Clearly, any written or oral communications between Exponent, McGinley, and Chartis were made "in anticipation of litigation." FED. R. CIV. P. 26(b)(3)(A). The sole purpose of communicating with Exponent and McGinley is to "deriv[e] facts and opinions for use at trial." *Vanguard Sav. & Loan Ass'n*, 1995 WL 71293, at *3. Thus, these communications fit squarely within the protections of Rule 26(b)(3)(A).

Although Rule 26(b)(3) is expressly limited to parties, it is well within the authority of the Court under Rule 45 and Rule 26(c) to issue protective orders to prevent the disclosure of third-party work product. *In re Student Fin. Corp.*, 2006 WL 3484387, at *11; *Serrano*, 298 F.R.D. at 280. There is no requirement that the documents and communications are prepared in anticipation of the particular litigation at hand; only that it was prepared in anticipation of some litigation. *In re Ford Motor Co.*, 110 F.3d at 967; *see also Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771 (M.D. Pa. 1985) (holding that an investigative file was gather in anticipation of litigation because the investigation was conducted with "potential liability in mind"). "Even if material was prepared in anticipation of another litigation, it will still be protected as work product if the anticipated litigation was related to the proceedings in which the material is to be produced." *In re Student Fin. Corp.*, 2006 WL 3484387, at *12; *see also Serrarno*, 298 F.R.D. at

5

277 (stating that when documents are prepared for a different case, work product protection still applies where the cases "are closely related in parties or subject matter.").

In *In re Student Finance Corp.*, the Eastern District of Pennsylvania quashed a subpoena seeking documents from an investigation conducted in anticipation of litigation by a non-party. The non-party, Royal, had insured against default a number of loans made by a student loan company to numerous trade schools. *Id.* at *1. The loan company was soon forced into bankruptcy due to allegations of fraud. *Id.* This led to a large number of defaults and over $500 million of claims against Royal, making Royal the largest bankruptcy creditor. *Id.* Royal then hired an investigation firm to investigate the veracity of the fraud allegations in preparation of potential litigation. *Id.* Royal and the bankruptcy trustee settled their underlying dispute and as a result Royal received an administrative claim to be paid out of the proceeds of claims brought by the trustee against the trade schools. *Id.* at *2. When the trustee brought claims against these trade schools, one of the schools served a subpoena on the investigation firm seeking all documents and communications related to their investigation. *Id.* The court held that "[i]n essence, the subpoena seeks to compel discovery of an adversary's work product prepared in anticipation of litigation against the very party issuing the subpoena." *Id.* at *11. Further, this adversary that prepared the documents, had "a financial interest in these suits." *Id.* Therefore, the court quashed the subpoena and entered a protective order for the investigation documents. *Id.* at *16-17.

Similarly, in *Serrano*, the court entered a protective order to protect the work product of a non-party to a wrongful death action. The non-party, Patterson, was the employer of the decedent who died from injuries sustained while on the job. *Id.* at 275. After learning of the accident, Patterson contacted his attorney to arrange for an investigation. *Id.* When the plaintiff brought

suit against the defendant, Chesapeake, Patterson agreed to indemnify Chesapeake for any liability. *Id.* Plaintiff then served a subpoena on Patterson seeking the documents related to the investigation performed after the accident. *Id.* The court held that work product protection applies to materials prepared in anticipation of different litigation as long as the cases are "closely related in parties or subject matter." *Id.* at 277. Here, the court held that "the potential for Patterson to have to indemnify [defendant] for its liability to plaintiff gives Patterson a sufficient nexus with the instant litigation." *Id.* at 280.

Instantly, Plaintiff's subpoena seeks to discover from Exponent and McGinley, [a]ny and all communications . . . Concerning Charbonneau, Topolinki, Bloomfield, or the Fire," as well as "[a]ny and all Documents Concerning the Fire . . . any cause and origin investigations . . . and all Documents Concerning any physical evidence removed as part of any investigation of the Fire." (Exhs. "A" and "B" at Req. No. 2). It is clear that these requests seek documents and communications prepared in anticipation of litigation that is "closely related in parties [and] subject matter" to the instant litigation. *Serrano*, 298 F.R.D. at 277; *see also In re Student Fin. Corp.*, 2006 WL 3484387, at *12. Not only does this lawsuit arise from the same set of facts as the Prior Action, but Batoff's indemnification of Chartis in this action clearly gives him a financial interest and creates a significant nexus between the two actions. Plaintiff's subpoena "seeks to compel discovery of an adversary's work product prepared in anticipation of litigation against the very party issuing the subpoena." *In re Student Finance Corp.*, 2006 WL 3484387, at *11. Therefore, the Court should quash the subpoena seeking documents and communications regarding the fire and investigations of that fire. *See Id.* at *16-17; *Serrano*, 298 F.R.D. at 283.

In addition, any communications required to be disclosed under Rule 26(a)(2)(B) will be disclosed at the proper time, by the proper party. Rule 26(a)(2)(B) requires a number of

7

disclosures that must be made "at the times and in the sequence that the court orders." SEE FED. R. CIV. P. 26(a)(2)(D). Likewise, Rule 26(a)(2)(B)(vi) requires a party who retains an expert that will testify at trial to disclose "a statement of the compensation to be paid for the study and testimony in the case." This disclosure, and others related to experts, must be made "at the time and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Plaintiff's subpoena seeks "[a]ny and all contracts with Chartis for services relating to any cause and origin investigations of the Fire." (Exhs. "A" and "B" at Req. No. 2). However, the Court ordered the "time and sequence" of the disclosure of this information in its November 12, 2013 Scheduling Order. *See Charbonneau v. Chartis Prop. Cas. Co.*, No. 13-cv-4323 (E.D. Pa. Nov. 12, 2013).

This information will be disclosed at the proper time and by the proper party—Chartis. Requiring Exponent and McGinley to produce these documents imposes an undue burden on them, and therefore, the court should quash this subpoena pursuant to Rule 45(d)(3)(A)(iv).

### III. CONCLUSION

For all the foregoing reasons, Chartis respectfully requests that the Court grant its Motion to Quash and quash Plaintiff's subpoenas directed to Exponent and McGinley Associates, and grant all further relief in favor of Chartis as the Court finds appropriate.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
 & SIEDZIKOWSKI, P.C.

*/s/ Stewart J. Greenleaf, Jr.*
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000
Counsel for Defendant

Dated: July 11, 2014

8

## **CERTIFICATE OF SERVICE**

I, Stewart J. Greenleaf, Jr., Esquire, hereby certify that I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon the following:

>Darin J. McMullen, Esquire
>Finley T. Harckham, Esquire
>Matthew F. Putorti, Esquire
>Anderson Kill P.C.
>1600 Market Street, Suite 2500
>Philadelphia, PA  19103
>Attorney for Plaintiff, Julie Charbonneau

>/s/ Stewart J. Greenleaf, Jr.
>Stewart J. Greenleaf, Jr.

DATED: July 11, 2014