**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU<br>    Plaintiff,<br><br>        v.<br><br>CHARTIS PROPERTY CASUALTY CO.:<br>    Defendant | Civil Action No. 2:13-cv-04323-WY |

### CHARTIS PROPERTY CASUALTY CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Chartis Property Casualty Co. ("Chartis"), by its attorneys, Elliott Greenleaf & Siedzikowski, P.C., hereby submits the following objections and responses to Plaintiff's First Set of Interrogatories:

### PRELIMINARY STATEMENT

All responses are made without in any way waiving or intending to waive, and to the contrary, intending to preserve and preserving:

1. All questions as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceedings or the trial of this or any other action;

2. The right to object to the use of any documents or evidence by any party in any subsequent proceedings or the trial of this or any other action on any ground;

3. The right to object on any ground at any time to a demand for further response to these Interrogatories or any other request for production or discovery procedures involving or relating to the subject matter of these Interrogatories;

4. The attorney-client, work-product and expert privileges and, accordingly, any subsequent response or production shall not constitute a waiver of said privileges; and

5. The right to further supplement and/or amend these responses based upon the discovery of additional information or documents.

6. Chartis also incorporates herein by reference all pleadings filed by Chartis in this action.

1

**RESPONSE**: Objection. Chartis objects to this Interrogatory in that it alters the deadlines for disclosing the identity of trial witnesses established by the Federal and Local Rules of Civil Procedure, and the Judge's procedures and orders. Moreover, additional fact witnesses may be disclosed through discovery, which is ongoing. Subject to the foregoing, Chartis responds as follows:

>Julie Charbonneau
>Dean Topolinski
>Jerald Batoff
>James O'Keefe
>Damon Faunce
>Richard Cohen

Chartis reserves the right to alter and/or supplement this response.

### INTERROGATORY NO. 11

Identify each person whom Chartis expects to call as an expert witness at trial.

**RESPONSE**: Objection. Chartis objects to this Interrogatory in that it alters the deadlines for disclosing the identity of expert witnesses established by the Federal and Local Rules of Civil Procedure, and the Judge's procedures and orders. Moreover, additional areas of expert analysis may be disclosed through discovery, which is ongoing. Subject to the foregoing, Chartis responds as follows:

>Shukri Souri, Ph.D.
>Louis Gahagan

Chartis reserves the right to alter and/or supplement this response.

### INTERROGATORY NO. 12

For each person identified in response to the immediately preceding interrogatory, state (a) the subject matter on which the expert is expected to testify; (b) the substance matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify; (c) a summary of the grounds for each opinion; (d) the education or experience which qualifies the witness to testify as an expert; (e) all articles, books, and other publications drafted by the expert in the past ten years; (f) the compensation to be paid the expert; (g) any exhibits or evidence to be used in support of the expert's opinions or to demonstrate the expert's opinions; (h) all cases in which the expert has testified as an expert at trial or by deposition in the preceding four years.

**RESPONSE**: Objection. Chartis objects to this Interrogatory in that it alters the deadlines for disclosing the identity of expert witnesses established by the Federal and Local Rules of Civil

7

Procedure, and the Judge's procedures and orders. Moreover, additional areas of expert analysis may be disclosed through discovery, which is ongoing. Subject to the foregoing, Chartis responds as follows:

Messrs. Souri's and Gahagan's *curriculum vitae* and Affidavits in the cases captioned *Batoff v. Charbonneau and Topolinski*, U.S. Dist. Ct. E.D. Pa., are enclosed herewith.

Chartis reserves the right to alter and/or supplement this response.

**INTERROGATORY NO. 13**

Describe in detail Chartis's document retention policy and identify all Documents that reflect such document retention policy or policies.

**RESPONSE**: Chartis's document retention policy has been produced with Chartis's response to Plaintiff's First Set of Requests for Production of Documents.

**INTERROGATORY NO. 14**

Identify all persons who assisted in the preparation of the answers to these Interrogatories, and for each such person, list each Interrogatory and each subpart thereof for which such person provided any information.

**RESPONSE**: Objection. Chartis objects to this Interrogatory in that it seeks information protected from disclosure by the attorney-client and attorney work product privileges.

OF COUNSEL:

ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.

/s/ Stewart J. Greenleaf, Jr.
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1000

Dated: May 5, 2014

8