IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE CHARBONNEAU<br>    Plaintiff,<br><br>v.<br><br>CHARTIS PROPERTY CASUALTY CO.:<br>    Defendant | Civil Action No. 2:13-cv-04323-WY |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint, and Defendant's Opposition thereto, it is hereby ORDERED that said Motion is DENIED.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIE CHARBONNEAU** <br> **Plaintiff,** <br><br> v. <br><br> **CHARTIS PROPERTY CASUALTY CO.:** <br> **Defendant** | Civil Action No. 2:13-cv-04323-WY |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

I. **ARGUMENT**

Although leave to amend is often liberally permitted, it is not allowed where the proposed amendments are futile. *Anderson v. City of Philadelphia*, 65 Fed. Appx. 800, 801 (3d Cir., 2003); *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir., 2000); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d. Cir., 1993); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir., 1988). An amendment is futile if the amendment will not cure the original complaint's deficiencies. *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir., 1997). *See also Anderson*, 65 Fed. Appx. at 801; *Jablonski*, 863 F.2d at 292 (3d Cir., 1988).

A. **Plaintiff's Proposed Amendments are Futile Because Plaintiff Was Not a Party to or an Insured Under Batoff's Homeower's Policy and Did Not Receive an Assignment of the Policy, Foreclosing Any Bad Faith Claims**

Plaintiff Julie Charbonneau's proposed amendments to the Complaint would add allegations of statutory insurance bad faith based on Chartis asserting a defense that Charbonneau and her boyfriend, Dean Topolinski, caused the fire underlying her claims. However, an amendment adding insurance bad faith allegations should be disallowed as futile in

the absence of an underlying breach of contract claim based on the insurance policy. *Pelligrino v. State Farm Fire & Cas. Co.*, 2013 U.S. Dist. LEXIS 105511, *22-23 (E.D. Pa., July 29, 2013).

As Chartis discusses at length in its Motion for Summary Judgment (Doc No. 21) and supporting Reply (Doc. No. 30), Charbonneau was not an insured under Jerald Batoff's homeowner's insurance policy, and Charbonneau admits she was never assigned Batoff's homeowner's insurance policy. (*See* Chartis' Statement of Undisputed Facts at ¶¶37-41 (Doc. No. 20)). The language of the Lease/Option Agreement clearly does not create an "automatic" assignment of insurance proceeds upon a loss exceeding $1 million, but only entitles Plaintiff to obtain such an assignment at closing:

> If the cost to repair any damage is more than $1,000,000, Tenant may elect to exercise its Option, and shall be entitled to receive **at closing** a credit in the amount of any insurance proceeds paid to Landlord, and an assignment of Landlord's rights to receive any unpaid proceeds.

Charbonneau admittedly never received such an assignment at closing or at any other time.

During oral argument on Chartis' Motion for Summary Judgment, Plaintiff's counsel cited a case it had not cited in its responsive brief, *Shaffer v. Flick*, 520 A.2d 50 (Pa. Super. 1987), arguing that the language of the Lease/Option Agreement somehow created an "automatic" assignment. The *Shaffer* case is not only distinguishable for at least two reasons, but in fact, compels summary judgment. First, the *Shaffer* case actually proceeded to a final hearing where the trial court determined that the lessor had in fact properly and validly exercised the option to purchase the insured property at issue. *Id.* at 51. Conversely, here, there was never a judicial determination as to the disputed validity of Charbonneau's attempt to exercise the option because she settled and released her claims to that effect against Batoff. Charbonneau then proceeded to closing without having ever received an assignment of Batoff's homeowner's policy.

2

Plaintiff's failure to do so is significant because, the other factor distinguishing this case from *Shaffer* is in that case, it was the **lessees** who obtained and paid the premiums for the property insurance and were **named insureds** under the policy. *Id.* at 50-53.  In contrast, Charbonneau was not a named insured on Batoff's homeowner's policy.  Charbonneau neither obtained a judgment that she validly exercised her option under the Lease/Option Agreement, nor was the named insured under the insurance policy at issue, nor did she ever receive an assignment.  Therefore, because Charbonneau never had a contractual relationship with Chartis under Batoff's homeowner's policy, she cannot maintain any of her claims against Chartis, including any futile additional bad faith claim.[1]

    **B.**    **Plaintiff's Proposed Amendments are Futile Because Chartis Cannot Be Liable for Bad Faith for Simply Asserting a Defense Against Plaintiff's Claims**

Moreover, Pennsylvania's bad faith statute "Section 8317 provides a remedy for bad-faith conduct by an insurer in its capacity as an insurer and **not as a legal adversary in a lawsuit filed against it by an insured**." *Slater v. Liberty Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 3753, *4 (E.D. Pa., March 30, 1999) (emphasis added).  Therefore, even assuming she has a contractual relationship with Chartis sufficient to assert a bad faith claim under the Batoff homeowner's policy, Plaintiff cannot base any additional bad faith claim on Chartis' decision to assert a particular (and well supported) defense against Plaintiff's own lawsuit.  Again, Plaintiff's proposed amendments are futile.

    **C.**    **Plaintiff's Proposed Amendments are Futile Because All of its Defenses are Well Supported by Facts and Expert Opinion**

---

[1] That the language of the Lease/Option Agreement does not create an "automatic" assignment is also not a question for a jury, but a matter of law for the Court to decide. *Hartford Ins. Co. v. Van Fossen*, 1997 U.S. Dist. LEXIS 3409, *5-6 (E.D. Pa., March 19, 1997) (interpretation of contract in bad faith case is a question of law for the court).

3

Finally, Plaintiff's proposed additional bad faith allegations are also futile for the same reasons Chartis will identify in its opposition to Plaintiff's Motion for Sanctions under Rule 11 (Doc. No. 34). Chartis' defense that Charbonneau and her co-tenant caused the fire underlying her claims is well supported by facts and expert opinion. In that regard, Chartis incorporates herein it opposition to Plaintiff's Motion for Sanctions.

## II. **CONCLUSION**

Chartis respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Complaint and grant all further relief in Chartis' favor and against Plaintiff as the Court finds appropriate.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s/ Stewart J. Greenleaf, Jr.
BRUCE W. KAUFFMAN (PA #4466)
HENRY F. SIEDZIKOWSKI (PA #30458)
STEWART J. GREENLEAF, JR. (PA #93004)
Union Meeting Corporate Center
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000
Counsel for Defendant

Dated: October 8, 2014

4

## **CERTIFICATE OF SERVICE**

I, Stewart J. Greenleaf, Jr., Esquire, hereby certify that I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon the following:

>Darin J. McMullen, Esquire
>Finley T. Harckham, Esquire
>Matthew F. Putorti, Esquire
>Anderson Kill P.C.
>1600 Market Street, Suite 2500
>Philadelphia, PA  19103
>Attorney for Plaintiff, Julie Charbonneau

>*/s/ Stewart J. Greenleaf, Jr.*
>Stewart J. Greenleaf, Jr.

DATED: October 8, 2014